# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN L. HARRIS,<br><br>    Plaintiff,<br><br>v.<br><br>BURNES, et al.,<br><br>    Defendants. | Case No. 1:19-cv-01409-JLT-GSA<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL<br><br>(Doc. 35) |

The Court entered findings and recommendations that:

(1) This action proceed only against defendants C/O J. Flores, C/O J. Alejo, and Sergeant Burnes for use of excessive force in violation of the Eighth Amendment;

(2) Harris's claims challenging his conviction or sentence be dismissed without prejudice to filing a petition for habeas corpus;

(3) Harris's state law claims be dismissed without prejudice to bringing those claims in state court; and

(4) All other claims and defendants be dismissed from this case without leave to amend.

(Doc. 35.)

Harris filed objections to the findings and recommendations. (Doc. 51.) According to 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be

1

1 supported by the record and proper analysis.

2 The Court acknowledges Harris's objection to the finding, which dismissed his claims based on events occurring on August 21, 2019. (Doc. 35 at 12-13.) Harris argues that his claims properly relate to and have a nexus with the events giving rise to the claims in his original complaint under Federal Rule of Civil Procedure 15. (Doc. 51 at 5.) These additional claims, however, arise from events that occurred after the filing of his original complaint and therefore, amount to a request to file a supplemental pleading, not an amended complaint. A supplemental complaint addresses matters that occurred after plaintiff has filed the initial complaint (Fed. R. Civ. P. 15(d)); whereas an amended complaint addresses claims "arising prior to or contemporaneously with the allegations of the original complaint." *Sanford v. Eaton*, 2020 WL 6484099, at *1 (E.D. Cal. Nov. 4, 2020). "While leave to permit supplemental pleadings is favored, it cannot be used to introduce a separate, distinct and new cause of action." *Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (internal quotation marks and citation omitted).

The events on August 21, 2019, transpired after Harris filed his original complaint and primarily focus on alleged First Amendment and Due Process violations that occurred in connection with a disciplinary hearing. (Doc. 35 at 12-13.) The focus of these claims materially differs from Harris's original claims which arose from physical altercations with Defendants and allegedly constitute excessive force. Therefore, the Court agrees with the magistrate judge that such supplemental pleading is not appropriate in this case. *Rodriguez v. Kernan*, 2020 WL 5110376, at *2 (E.D. Cal. Aug. 31, 2020) (denying motion for reconsideration where the amended complaint would "raise new issues and significantly change the focus of the case").

For similar reasons, the Court agrees with the magistrate judge's remaining findings and recommendations not discussed in detail here. Despite Harris' objections, the magistrate judge applied the correct standard to evaluate the sufficiency of Harris's claims. Thus, the Court **ORDERS**:

1. The findings and recommendations issued by the Magistrate Judge on October 18, 2021, are adopted in full.
2. This case now proceeds only against Defendants C/O J. Flores, C/O J. Alejo, and

1          Sergeant Burnes for use of excessive force in violation of the Eighth Amendment.
2     3.   Harris's claims challenging his conviction or sentence are dismissed without prejudice to filing a petition for habeas corpus.
3     4.   Harris's state law claims are dismissed without prejudice to bringing those claims in state court.
4     5.   All other claims and defendants are dismissed from this case without leave to amend.
5     6.   Defendant Lieutenant C. Munoz is dismissed from this case based on Harris's failure to state any claims against him.
6     7.   Harris's claims for retaliation, due process violations, false reports, interference with personal property, after-occurring events, conspiracy, verbal harassment, and Fourth Amendment search and seizure are dismissed from this case without leave to amend.
7     8.   This case is referred to the Magistrate Judge for further proceedings, including initiation of service of process.

IT IS SO ORDERED.

Dated: **June 28, 2022**                    /s/ Jennifer L. Thurston
                                            UNITED STATES DISTRICT JUDGE