UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN L. HARRIS,<br><br>            Plaintiff,<br><br>    vs.<br><br>BURNES, et al.,<br><br>            Defendants. | **1:19-cv-01409-JLT-GSA-PC**<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY MERITS-BASED DISCOVERY AND VACATE DEADLINES IN THE SCHEDULING ORDER**<br><br>**(ECF No. 75.)** |

I.      BACKGROUND

Darren L. Harris ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.

On June 28, 2022, the Court ordered that this case proceed on Plaintiff's First Amended Complaint against Defendants C/O J. Flores, C/O J. Alejo, and Sergeant Burnes ("Defendants") for use of excessive force in violation of the Eighth Amendment, and dismissed all other claims based on Plaintiff's failure to state a claim. (ECF No. 52.)

On January 3, 2023, the Court issued a Discovery and Scheduling Order opening discovery and establishing a deadline of May 3, 2023 to file exhaustion motions, a deadline of July 3, 2023 to conduct discovery, and a deadline of September 3, 2023 to file dispositive motions. (ECF No. 68.)

On March 3, 2023, Defendants filed a motion to compel Plaintiff's responses to Defendants' exhaustion-based discovery requests. (ECF No. 71.)  On April 24, 2023, Plaintiff filed an objection to the motion.  (ECF No. 74.)  Defendants' deadline to respond to Plaintiff's objections to the motion to compel is May 22, 2023.  (ECF No. 78.)  Thus, the motion to compel is pending but not fully briefed. Local Rule 230(*l*).

On April 26, 2023, Defendants filed a motion to stay merits-based discovery and vacate the deadlines in the Discovery and Scheduling Order.  (ECF No. 75.)  Plaintiff has not filed an opposition.  Defendants' motion is now before the Court.  Local Rule 230(*l*).

## II.   MOTION TO STAY MERITS-BASED DISCOVERY PENDING RESOLUTION OF EXHAUSTION OF REMEDIES ISSUE

The Court is vested with broad discretion to manage discovery.  Millner v. Biter, No. 1:13-CV-02029-SAB, 2015 WL 4167386, at *1 (E.D. Cal. July 9, 2015) (citing Dichter–Mad Family Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013) (per curiam), *cert. denied,* ––– U.S. ––––, 134 S.Ct. 117, 187 L.Ed.2d 36 (2013); Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir.2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002)).  Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery.  Millner, 2015 WL 4167386, at *1.  The avoidance of undue burden or expense is grounds for the issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants, Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of immunity issue).  The propriety of delaying discovery on the merits of Plaintiff's claims pending resolution of an exhaustion motion was explicitly recognized by the Ninth Circuit. Id. (citing Albino v. Baca, 747 F.3d 1162, 1170–71 (9th Cir. 2014)) (en banc), *cert. denied,* ––– U.S. ––––, 135 S.Ct. 403, 190 L.Ed.2d 307 (2014); see also Gibbs v. Carson, No. C–13–0860 THE (PR), 2014 WL 172187, at *2–3 (N.D. Cal. Jan. 15, 2014)).

The two-part test for evaluating a request for a stay of discovery due to a pending motion considers: (1) whether "the pending motion must be potentially dispositive of the entire case, or

at least dispositive on the issue at which discovery is aimed;" and (2) whether "the pending potentially dispositive motion can be decided absent additional discovery." <u>Mlejnecky v. Olympus Imaging Am., Inc.</u>, No. 2:10-cv-02630-JAM-KJN, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011) (citations omitted).  If the moving party satisfies these two prongs, the court may issue a protective order staying discovery.  <u>Id.</u>; <u>see</u> <u>e.g.</u>, <u>Millner</u>, 2015 WL 4167386, at *1 (staying all merits-based discovery pending resolution of Defendant's motion for summary judgment on the issue of exhaustion).

### A.    **Defendants' Motion to Stay**

Defendants request the court to stay merits-based discovery pending (1) resolution of Defendants' motion to compel and, (2) Plaintiff's compliance with any Court orders on Defendants' motion to compel, including, but not limited to, proper responses to Defendants' discovery requests and payment of any sanctions. Defendants request that after Plaintiff complies with any Court orders on Defendants' motion to compel, the Court re-set the exhaustion-based motions filing deadline but maintain a stay on merits-based discovery, including that which has already been propounded.

Defendants ask that upon a final ruling on Defendants' exhaustion-based motion for summary judgment, the Court issue a further scheduling order as necessary, allowing 45-days for Defendants to respond to any merits-based discovery Plaintiff served in the interim, including that which has already been served as of the filing of this motion.  Defendants bring this motion on the grounds that: (1) Defendants' motion to compel is presently pending before the Court due to Plaintiff's failure to properly respond to exhaustion-based discovery requests; (2) Defendants' administrative motion for an extension of time in which to respond to Plaintiff's late-received merits-based discovery is presently pending before the Court;[1] (3) Plaintiff failed to exhaust available administrative remedies regarding the claims in this case; (4) Plaintiff's inmate appeal and grievance history is extensive, and Defendants need Plaintiff's discovery responses in order to streamline their exhaustion-based motion for summary judgment for ease of both the Court

---

[1] This motion was resolved on May 5, 2023, after Defendants filed the instant motion on April 26, 2023.  (ECF No. 77.)

and the parties; and (5) the expenditure of resources required to conduct merits-based discovery and motions will be needless if the Court grants Defendants' exhaustion-based motion.

Defendants argue that Plaintiff's failure to respond to Defendants' exhaustion-based discovery has hindered their ability to file a streamlined exhaustion-based motion for summary judgment, and Defendants' exhaustion motion could dispose of Plaintiff's entire case. Defendants contend that it would be a waste of resources to require merits-based discovery before the exhaustion-based discovery issues are resolved and the exhaustion motion is decided. Defendants request that all merits-based discovery Plaintiff has already served on Defendants, or continue to serve, be held in abeyance until 45 days after the Court issues a final ruling on Defendants' exhaustion motion.

**Discussion**

The court finds good cause to impose a stay on merits-based discovery in this action for all parties pending resolution of Defendants' expected motion for summary judgment based on exhaustion. It would be an efficient use of the court's and the parties' resources to address exhaustion issues before reaching the merits of the case. Moreover, a stay of merits-based discovery does not prevent the parties from conducting any further discovery that may be needed to address the exhaustion issue. Plaintiff has not opposed Defendants' motion for stay and the court finds that the stay granted here will not result in prejudice to Plaintiff. The Court shall stay all merits-based discovery – serving merits-based discovery or responding to merits-based discovery – until resolution of Defendants' expected motion for exhaustion-based summary judgment.

**III.   MOTION TO MODIFY SCHEDULING ORDER**

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, <u>Johnson v. Mammoth Recreations, Inc.,</u> 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. <u>Id.</u> The court may also consider the prejudice to the party opposing the modification. <u>Id.</u> If the party seeking to amend the scheduling

order fails to show due diligence the inquiry should end and the court should not grant the motion to modify.  Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

      **A.**    **Defendants' Motion to Modify the Discovery and Scheduling Order**

      Defendants request the Court to vacate the discovery, exhaustion, and dispositive motion deadlines in the Discovery and Scheduling Order, and reset them as needed. Defendants contend that the Court needs time to resolve Defendants' pending motion to compel.  Defendants assert that they were diligent in serving exhaustion-based discovery early and in timely filing a motion to compel.  Defendants argue that good cause exists to vacate the court's deadlines because it will avoid the expenditure of resources by the parties in conducting discovery and filing motions concerning the merits of the case.  Defendants also argue that there is "an immediate and clear possibility" that Defendants' motion for summary judgment will dispose of the case.

      **Discussion**

      Based on the foregoing, the Court finds good cause to modify the Discovery and Scheduling Order.  Defendants have shown that even with the exercise of due diligence they cannot meet the requirements of the Court's order.

      The Court shall vacate the deadlines in the Court's Discovery and Scheduling Order filed on January 23, 2023 (ECF No. 68.)  After Defendants' motion to compel is resolved, the Court shall re-set the deadline to file exhaustion motions.  After resolution of the exhaustion of remedies issues in this case, the Court shall issue a new scheduling order, if needed.

**III.**    **CONCLUSION**

      Based on the foregoing and good cause appearing, it is **HEREBY ORDERED** that:

    1.    Defendants' motion to stay merits-based discovery and vacate the deadlines in the Discovery and Scheduling Order filed on April 26, 2023, is GRANTED;

    2.    The deadlines in the Court's Discovery and Scheduling Order (ECF No. 68) for (1) filing exhaustion motions, (2) conducting discovery, and (3) filing non-exhaustion dispositive motions are VACATED pending further order of the Court;

///

3.    The deadline for filing exhaustion motions shall be re-set by the Court upon resolution of Defendants' motion to compel and Plaintiff's compliance with any associated orders;

4.    All merits-based discovery is STAYED pending the Court's ruling on Defendants' expected motion for summary judgment on the issue of exhaustion. Discovery concerning Plaintiff's exhaustion of remedies shall continue to proceed, but all merits-based discovery is stayed pending the resolution of Defendants' expected motion for summary judgment.  No merits-based discovery shall be conducted by any party – serving discovery requests or responding to discovery requests -- pending further order of the Court; and

5.    The Court shall issue a new scheduling order upon resolution of the exhaustion of remedies issues, if needed.

IT IS SO ORDERED.

Dated:   __May 10, 2023__                          _____/s/ Gary S. Austin___
                                                  UNITED STATES MAGISTRATE JUDGE