UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN HARRIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BURNES, et al.,<br><br>　　　　　Defendants. | No. 1:19-cv-01409 JLT GSA (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL; DENYING DEFENDANTS' REQUEST TO DISREGARD PLAINTIFF'S OPPOSITION, AND DIRECTING PLAINTIFF TO PROPERLY RESPOND TO DEFENDANTS' DISCOVERY REQUESTS<br><br>(ECF Nos. 71, 83 at 4)<br><br>PLAINTIFF'S SERVICE OF DISCOVERY RESPONSES ON DEFENDANTS DUE **<u>NOVEMBER 16, 2023</u>**<br><br>ORDER DIRECTING DEFENDANTS TO FILE NOTICE OF RECEIPT OF PLAINTIFF'S DISCOVERY RESPONSES |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. It is currently in the discovery phase of the proceedings.

Before this Court is Defendants' Motion to Compel Responses to Request for Production of Documents; Request for Monetary Sanctions; Request to Stay Action ("MTC"). ECF No. 71.

1

Plaintiff has filed an Opposition and Supplement (ECF Nos. 74, 82), and Defendants have filed a Reply (ECF No. 83).  In their Reply, Defendants also request that Plaintiff's Opposition to the MTC be disregarded as untimely filed.  See id. at 4.

For the reasons stated below Defendants' Motion to Compel will be granted and Plaintiff will be ordered to provide proper and complete responses to Defendants' discovery requests.  However, Defendants' requests for monetary sanctions and for a stay of discovery proceedings will be denied.  Additionally, Defendants' request that Plaintiff's Opposition be disregarded as late-filed will also be denied.  Finally, Defendants will be ordered to inform the Court as soon as it receives Plaintiff's discovery responses so that it can calendar a due date for Defendants' exhaustion-based motion for summary judgment.

## I. BACKGROUND

Plaintiff's First Amended Complaint ("FAC") names Correctional Sergeant Burnes and Correctional Officers J. Flores and J. Alejo as defendants in this action.  See ECF No. 32 at 2-3.  Defendants were all employed at California State Prison – Corcoran ("CSP-Corcoran") in July 2019, the month of the incident in question.  Plaintiff alleges that over a three-day period in July 2019, Defendants violated his Eighth Amendment right to be free from excessive force when they brutally attacked him leaving him with multiple injuries.  See id. at 3-7, 19.  Defendants are all being sued in their individual capacities.  Id. at 2-3.  Plaintiff seeks compensatory and punitive damages as well as injunctive relief.  Id. at 27-28.

## II. PROCEDURAL HISTORY

On June 28, 2022, an order directing that this matter proceed against Defendants J. Flores, J. Alejo, and Burnes issued.  ECF Nos. 35, 52 (findings and recommendations; order adopting same).  Thereafter, a service order issued directing Defendants to file a response to Plaintiff's FAC.  ECF No. 53.

Defendants filed their Answer to the FAC on December 30, 2022.  ECF No. 66.  Shortly thereafter, the Court issued its DSO.  ECF No. 68.

On February 9, 2023, a Declaration Re:  Request for Documents ("Declaration") filed by Plaintiff was docketed.  ECF No. 69.  On March 3, 2023, Defendants filed the instant Motion to

Compel.  ECF No. 71.  Their Declaration in Lieu of Reply was filed on April 5, 2023.  ECF No. 72.  On April 24, 2023, Plaintiff's late-filed Opposition[1] to Defendants' Motion to Compel was docketed.  ECF No. 74.

On May 11, 2023, the Court granted Defendants' Motion to Stay Merits-Based Discovery, and it vacated the deadlines in the DSO.  ECF Nos. 75, 81 (Defendants' motion; Court's grant of same).  Thereafter, Plaintiff filed a Supplement to his Opposition.  ECF No. 82.  Defendants filed a Reply to Plaintiff's Opposition on May 22, 2023.  ECF No. 83.  Accordingly, the motion is fully briefed and ready for review.

### III. DEFENDANTS' MOTION TO COMPEL

#### A. Plaintiff's Declaration Re:  Request for Documents

On February 9, 2023, after discovery had begun, the aforementioned Declaration filed by Plaintiff was docketed.  ECF No. 69.  The Declaration states in relevant part:

> I, Darren L. Harris, Plaintiff in above entitle [sic] case, has read the Attorney General's "REQUEST for DOCUMENTS."  The documents being requested are in [my] C-File / E-File, (SOMS) Strategic Offender's Management System, and are available to them (the defendants and/or their representatives) at any time.
> The documents requested are used at my classification hearing every year.  The docs can be viewed using the aforementioned Computer System, Same for Interrogatories.
> . . . .
> Also, I do not believe sending my "originals", document [sic] through the mail would be wise for me.  The correctional officers have created a pattern & practice to violate my mailing (to & From) the court(s) & attorneys.  These violations are ongoing.

ECF No. 69 at 1-2 (brackets added) (errors in original).

#### B. Defendants' Motion to Compel

Defendants' motion asks the Court to compel Plaintiff to produce documents and respond to special interrogatories related to whether he exhausted administrative remedies prior to

---

[1] Although Plaintiff has labeled the document an "Objection to Defendants' Motion to Compel" (see ECF No. 74 at 1), it is, in fact, an Opposition to Defendants' MTC.  Accordingly, in order to avoid confusion, the Court will refer to the filing as Plaintiff's Opposition throughout this order.

1  bringing this case. See generally ECF No. 71 at 3-6.  They contend that instead of Plaintiff timely

2  filing responses to their discovery requests, he filed the above-referenced Declaration with the

3  Court in which he directed them to his C-File/E-File/SOMS[2] and classification documents.[3]  Id. at

4  3-6; ECF No. 71-1 at 1, ¶ 2 (Decl. of Deputy Attorney General ("DAG") A.R. Sloan).  They

5  further contend that because Plaintiff's prison file is 7,500 pages in length, and because during the

6  period in question Plaintiff submitted over forty inmate grievances, his response in the

7  Declaration is entirely inadequate.  ECF No. 71 at 4; 71-1 at 17-23 (Exh. D - List of Plaintiff's

8  appeals during relevant period).  In addition, Defendants state that Plaintiff has not responded to

9  their efforts in February 2023 to meet and confer about his inadequate discovery responses.  ECF

10 No. 71 at 3, 5-6; ECF No. 71-1 at 14-16 (Exh. C - Defendants' meet and confer letter, dated

11 February 10, 2023).

12         Defendants argue that a party may not refuse to respond to a discovery request on the

13 ground that the requested information is in the possession of the requesting party, or on the basis

14 that information is more readily available to the requesting party.  ECF No. 71 at 4 (citation

15 omitted).  They further argue that Plaintiff's refusal to participate in their exhaustion-based

16 discovery prejudices their ability to adequately defend against his substantive claims.  Id. at 3.

17 They contend that Plaintiff is in the best position to identify and provide the inmate grievances

18 that are relevant to the claims in his case and that they are in his possession, custody and control.

19 Id. at 4-5.  "[T]he grounds for objecting to an interrogatory must be stated with specificity,"

20 Defendants assert.  Id. at 5 (citations omitted).  Plaintiff's failure to identify the specific appeals,

21 they argue, constitutes a breach of his discovery obligations.  Id.  Defendants also assert that

22 access to the specific appeals that are relevant to the claim Plaintiff has raised in this action will

23 serve to streamline analysis both for them and for the Court.  Id.

---

[2] Plaintiff states that "SOMS" stands for "Strategic Offender's Management System."  See ECF No. 69 at 1.

[3] Defendants contend that Plaintiff's referral to his classification documents is irrelevant and insufficient.  ECF No. 71 at 5.  Appeal documents, they assert, are not contained in classification hearing documents.  Id. at 5-6.

Finally, Defendants argue that Plaintiff's inaction has delayed their ability to prepare and file an exhaustion-based motion for summary judgment and has required that they spend time and resources drafting the instant MTC. See ECF No. 71 at 3, 5-6. For these reasons, they contend, their motion should be granted; a discovery order compelling Plaintiff to respond to their discovery requests should issue, and Plaintiff should be ordered to pay monetary sanctions in the amount of $880.00, which is the amount of time and cost it took defense counsel to prepare the instant motion. Id. at 1, 3-4, 6-7.

### C. Defendants' Declaration in Lieu of Reply

On April 5, 2023, after Plaintiff did not file a response to Defendants' MTC within the required time period under the Local Rules, counsel for Defendants filed a Declaration In Lieu of Reply, consistent with Local Rule 230(l). See ECF No. 72. In it, DAG A.R. Sloan states that Plaintiff's last day to file an opposition to Defendants' MTC was March 27, 2023. Id. at 2. Counsel also states that when Defendants filed the MTC, Plaintiff was provided with the time requirements for opposing their motion, and he was told that his failure to timely oppose it might be deemed a waiver of any opposition to their motion being granted and might result in the imposition of sanctions. Id. As a result, DAG A.R. Sloan asserts, Defendants' MTC should be deemed submitted unopposed. Id.

### D. Plaintiff's Opposition

On April 24, 2023, Plaintiff's Opposition to Defendants' MTC was docketed. ECF No. 74. It was signed by Plaintiff on April 18, 2023. Id. at 3. In it, Plaintiff states that despite his many requests, he is not in possession of his legal documents, legal work-product, and other documents. Id. at 1. He contends that CDCR officials appear to be refusing to return them to him despite the fact that he has requested them multiple times.[4] Id.

---

[4] Plaintiff also states that he did not receive the Court's scheduling order until April 13, 2023, and that this was well after the April 3, 2023, deadline to amend his pleading. ECF No. 74 at 1. Because the issue in the instant MTC is related to discovery and not to a leave to amend to which Plaintiff may or may not have been entitled, the Court does not address herein leave to amend concerns Plaintiff may be intending to raise.

5

Plaintiff further asserts that at the time the instant Opposition was filed in April 2023, his facility was on lockdown due to the stabbing of a prison lieutenant. ECF No. 74 at 2. He states the lockdown began on April 12, 2023. Id. As a result, he has not had access to anything – not legal work, not the law library – nothing.[5] Id. Plaintiff also claims that he filed an earlier Opposition, and he speculates that the reason it was not received by the Court is because prison officials at Folsom State Prison[6] ("FSP") stole it from the mail. Id.

In the Opposition, Plaintiff also states that eleven boxes of legal documents of his are missing and/or are being withheld from him, and that he needs to go through them. ECF No. 74 at 2. He further states that he told defense counsel that she would be able to review the documents needed through SOMS.[7] Id. He states that he is not trying to vex the Court or defense counsel, and he argues that he should not be responsible for state officials' misconduct. ECF No. 74 at 2-3. For these reasons, Plaintiff states, he opposes Defendants' MTC. Id. at 3.

### E. Plaintiff's Supplement to Opposition

On May 18, 2023, a Supplement Plaintiff filed to his Opposition was docketed. ECF No. 82. The Supplement asserts that on April 25, 2023, Plaintiff received the bulk of his property that was being held by CDCR officials. Id. at 1. However, he states, two or more boxes of his legal documents are still missing. Id. Plaintiff attaches six exhaustion related documents to the Supplement. See ECF No. 82 at 3-164. He states that he has provided the documents to show

---

[5] Plaintiff does state that he believed the lockdown was scheduled to end on April 26, 2023. ECF No. 74 at 2. Given that it is now October 2023, the Court presumes that the lockdown which Plaintiff states impeded his ability to respond to discovery is now over.

[6] It appears that when Defendants filed the instant Motion to Compel on March 3, 2023 (see ECF No. 71), Plaintiff was still housed at FSP. See ECF No. 83-1 at 2, ¶ 5 (Decl. of D. Avalos stating Plaintiff arrived at SVSP on March 15, 2023).

Because FSP officials are not defendants in this action, the Court does not address matters related to mail issues Plaintiff either currently has, or may have had with them. See U.S. Const. art. III § 2 (stating jurisdictional case or controversy requirement). The same must be said for similar allegations Plaintiff has made against non-defendant employees at SVSP. See ECF No. 84 (Plaintiff's Notice ("Ex Parte Communication") of Mishandling of Legal Mail by SVSP employees).

[7] The previously referenced February 2023 Declaration Plaintiff filed with the Court, which preceded Defendants' filing of the MTC, confirms this. See ECF No. 69 (Decl. of Plaintiff stating referral of defense counsel to SOMS).

that defense counsel's assertions are false and that he has, in fact, exhausted his administrative remedies. Id. at 2. He further states that he will try to send counsel a copy of the Supplement, and that if required to submit other documents, he will search through the legal documents that have been given to him and send what he finds.[8] See id.

### F. Defendants' Reply to Plaintiff's Opposition

On May 22, 2023, Defendants filed a Reply to Plaintiff's Opposition. ECF No. 83. In it, Defendants argue that their MTC should be granted because Plaintiff's Opposition fails to provide any legally supported arguments as to why he failed to appropriately respond to their discovery requests. Id. at 1-2. In addition, they argue that: (1) they served Plaintiff with their discovery requests on January 5, 2023, while he was still in possession of his legal property and well before he was transferred to a different facility on March 15, 2023; (2) Plaintiff's responses to their discovery requests were due before Plaintiff was transferred; (3) Plaintiff was transferred with his excess legal property on March 15, 2023, but he failed to make a request for it until April 12, 2023, and (4) Plaintiff is once again in possession of all his legal property. Id. at 2-4. Defendants have provided declarations from former SVSP Receiving and Release Sergeant D. Avalos and SVSP Correctional Sergeant A. Villafuerte in support of their assertions regarding when Plaintiff arrived at SVSP; when his excess legal property arrived; and when Plaintiff informed prison officials that he had an active legal case and that he was missing some of his legal property. See ECF Nos. 83-1, 83-2 (Decls. of D. Avalos and A. Villafuerte, respectively).

Defendants argue that because Plaintiff failed to adequately and timely respond to their document and interrogatory requests, the Court should compel Plaintiff to respond to them within thirty days without objection and sanction Plaintiff in the amount of $880.00. ECF No. 83 at 4. In addition, they contend that because Plaintiff's Opposition is untimely by approximately one month, the court should disregard it. Id.

---

[8] Plaintiff states that he will need to make copies, and that he only has access once a week to the material he needs to access to the courts. ECF No. 82 at 2.

7

IV. APPLICABLE LAW

    A. Motion to Compel

The scope of discovery in federal cases is governed by Federal Rule of Civil Procedure 26(b)(1). The current Rule states:

> **(b) Discovery Scope and Limits.**
>
>    **(1) Scope in General.** Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

In addition, Federal Rule of Civil Procedure 37(a)(3)(B)(iii)-(iv) authorizes motions to compel. It states:

> **(a) Motion for an Order Compelling Disclosure or Discovery.**
> . . . .
>    **(3) Specific Motions.**
>      (B) *To Compel a Discovery Response.* A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
>      . . . .
>        (iii) a party fails to answer an interrogatory submitted under Rule 33, or
>        (iv) a party fails to produce documents . . . .

Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).

A party seeking to compel discovery has the initial burden to establish that its request is proper under Rule 26(b)(1). If the request is proper, the party resisting discovery has the burden of showing why discovery was denied; they must clarify and support their objections. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir.1975). General or boilerplate objections, without explanation, are not prohibited but are insufficient as a sole basis for an objection or

privilege claim. Burlington Northern & Santa Fe Ry. v. United States Dist. Court, 408 F.3d 1142, 1149 (9th Cir.2005).

### B. Sanctions

With respect to sanctions, Rules 37(a)(5)(A)(i)-(iii); (b)(2)(A)(i)-(vii), and (b)(2)(C), provide multiple examples in which their imposition is warranted. See id. However, as discussed below, each of these Rules also has a discretionary element and/or requires consideration of whether the imposition of sanctions is just.

## V. DISCUSSION

### A. Request to Disregard Opposition as Untimely Will Be Denied

Defendants' request in their Reply that the Court disregard Plaintiff's Opposition to its MTC because it was filed a month late (see ECF No. 83 at 4) will be denied. The MTC was filed in this Court and mailed to Plaintiff at Folsom State Prison on March 3, 2023. See ECF No. 71 at 9 (Defendants' service declaration re: MTC). This gave Plaintiff twenty-one days, plus three – or, until March 27, 2023 – to file an opposition to Defendants' motion. See Fed. R. Civ. P. 6(d); L.R. 230(1) (mail and filing requirements); see also ECF No. 72 at 2, ¶ 6 (Decl. of DAG A.R. Sloan acknowledging same).

Thereafter, on March 15, 2023, Plaintiff was transferred to SVSP. See ECF No. 83 at 3; 83-1 at 2, ¶ 6 (Decl. of SVSP Correctional Sergeant D. Avalos,). Ten boxes of Plaintiff's legal documents later arrived at SVSP on March 23, 2023, and on March 28, 2023. ECF No. 83-1 at 2, ¶ 7 (Decl. of D. Avalos). Importantly, March 28, 2023, was after Plaintiff's response to Defendants' MTC was due in this Court. Because Plaintiff's legal boxes were identified by SVSP as "excess" when they arrived, they were not given to Plaintiff. Instead, they were stored in SVSP's Receiving and Release. This required Plaintiff to file a request in order to gain access to them. See id. at 2, ¶¶ 3-7 (Decl. of D. Avalos).

On April 12, 2023, Plaintiff's unit at SVSP was placed on lockdown. ECF No. 74 at 2 (Plaintiff's Opposition). The lockdown was scheduled to end on April 26, 2023. Id. Plaintiff's Opposition was signed and deemed filed on April 18, 2023 (Mailbox rule). See ECF No. 74 at 3 (signature date on Plaintiff's Opposition).

9

Given these facts, it is somewhat understandable that Plaintiff did not file and serve a response to Defendants' MTC by March 27, 2023, as federal and local rules required. Importantly here, the filing of Plaintiff's Declaration in February 2023, which appears to be a response (albeit, an improper one) to Defendants' discovery requests (see ECF No. 69); coupled with the Opposition Plaintiff filed shortly after Defendants filed their Declaration in Lieu of Reply (see ECF No. 74), generally indicate that Plaintiff did not intend to thwart discovery or waive opposition to a grant of Defendants' MTC. Consequently, Defendants' request that Plaintiff's Opposition to their MTC be disregarded will be denied.

### B. Motion to Compel Must Be Granted

Defendants' Motion to Compel must be granted. Defendants have stated that the primary issue in this case is whether Plaintiff exhausted his administrative remedies prior to bringing suit in this Court. Specifically, defense counsel attests that Plaintiff filed suit in this court days after the incident is alleged to have occurred. ECF No. 71-1 at 2, ¶ 5 (Decl. of DAG A.R. Sloan). Implicit in this assertion is that Plaintiff could not have exhausted his administrative remedies prior to filing the instant action in this Court. As a result, counsel intends to file an exhaustion-based motion for summary judgment on behalf of Defendants, and she will need Plaintiff's discovery responses in order to do so given the large size of his prison file. Id.

To that end, Defendant Burnes' First Set of Request for Production of Documents propounded by Defendants makes four requests. See ECF No. 71-1 at 5, 7 (Production of Documents cover page; document requests). All of them relate to appeal/grievance forms and correspondence Plaintiff has that relate to the July 2019 Eighth Amendment excessive force claim he has alleged against Defendants and that are relevant to his FAC. See id. In addition, Defendant Burnes' First Set of Interrogatories makes two inquiries, See ECF No. 71-1 at 10, 12 (interrogatories cover page; interrogatories), which ask for log numbers for the appeals / grievances that Plaintiff alleges exhaust his July 2019 excessive force claims against Defendants, as well as log numbers for any other appeals/grievances Plaintiff believes are relevant to the allegations in his FAC. See id. at 12.

Defendants' document and interrogatory requests are relevant to their defense that

1  Plaintiff may not have exhausted his administrative remedies prior to filing suit in this court. See
2  Fed. R. Civ. P. 26(b)(1) (relevance of discovery requirement). As a result, Plaintiff is required to
3  produce them and he will be ordered to do so.[9]

### C. Request For Sanctions Will Be Denied

Defendants' request for sanctions against Plaintiff will also be denied. They argue that monetary sanctions against Plaintiff in the amount of $880.00 are warranted under Rules 37(a)(5)(A); (b)(2)(A), and (b)(2)(C) because he failed to provide adequate responses to their discovery requests after they had attempted to meet and confer with him on February 10, 2023. ECF No. 71 at 3, 6-7. This, they assert, has led to a delay in their ability to prepare and file an exhaustion-based motion for summary judgment and has led to spending additional time and resources to create the instant MTC. Id. at 6.

Rule 37 allows for the imposition of sanctions regardless of whether the actor upon whom they are being imposed has acted in bad faith. See generally Fed. R. Civ. P. 37; see also Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir. 1994) (stating court has not required finding of bad faith on part of attorney prior to imposing Rule 37 sanctions); Nationstar Mortgage, LLC v. Flamingo Trails No. 7 Landscape Maintenance Ass'n, 316 F.R.D. 327, 335 (D. Nevada 2016) (citing Hyde). However, the presence or lack of good faith on the part of a party is relevant to whether sanctions should be issued and to what level of severity. See Hyde, 24 F.3d at 1171 (stating good or bad faith may be a consideration in determining whether imposition of sanctions would be unjust). Furthermore, the Ninth Circuit gives district courts "particularly wide latitude" when determining whether sanctions are appropriate. Ollier v. Sweetwater Union High School District, 768 F.3d 843, 859 (9th Cir. 2014) (citing Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001) (citation omitted); Jeff D. v. Otter, 643 F.3d 278, 289 (9th

---

[9] In the Supplement to Plaintiff's Objections, Plaintiff states that he has attached exhibits that are responsive to Defendants' discovery requests and which establish that he exhausted his administrative remedies prior to filing this action. See ECF No. 82 at 1-2. The filing of discovery responses with the Court is improper unless directed to do so. See Local Rules 250.2(c); 250.3(c); 250.4(c) (generally stating discovery responses shall not be filed in court unless at issue). Therefore, Plaintiff will be required to serve any responsive discovery on Defendants directly.

11

Cir. 2011) (citation omitted) ("[A] district court has wide discretion in controlling discovery.").

The Court agrees with Defendants' assertion that based on Plaintiff's statements in his Declaration filed with the Court in February 2023, it appears that Plaintiff had the documents they were requesting in his possession at that time, which was prior to their filing of the MTC in March 2023. See ECF No. 71 at 4 (Defendants' MTC referencing Plaintiff's Declaration and stating same). However, Plaintiff's Declaration also states that he believed prison officials had "created a pattern [and] practice to violate [his] mail," and that as a result, he did not feel comfortable sending his original documents through the mail. See ECF No. 69 at 1-2 (brackets added). Subsequent statements made by Plaintiff related to prison officials mishandling his mail and legal property are consistent with this assertion. See generally ECF Nos. 74, 82, 84 (Plaintiff's Opposition, Supplement and Notice ("Ex Parte Communication") of Mishandling of Legal Mail, respectively).

Plaintiff's belief about prison officials' mishandling of his mail – whether accurate or not – does not excuse his failure to properly respond to Defendants' discovery requests.[10] At the same time however, his failure to provide his original copies of discovery to Defendants, while problematic, does not appear to have been done in bad faith. In addition, Plaintiff's referral of Defendants to his C-File/E-File/SOMS in the February 2023 Declaration, while also an inappropriate response, arguably constituted a good faith effort on his part to respond to Defendants' discovery requests given his mistrust of the prison mail system.

Sanctions for not obeying a discovery order are discretionary. See Fed. R. Civ. P.

---

[10] Furthermore, Plaintiff's complaint in his Opposition that he did not receive the DSO until April 13, 2023 (see ECF No. 74 at 1) and that this was well after the deadline of April 3, 2023, to amend his pleading garners no sympathy. Plaintiff repeatedly states that on more than one occasion he has returned documents that this Court has mailed to him because prison officials had opened them. See id. at 1-3 (Plaintiff's Opposition); ECF No. 84 at 1 (Plaintiff's Notice ("Ex Parte Communication") of Mishandling of Legal Mail). Three entries on the Court's docket also indicate that in January 2023, Plaintiff refused the DSO the Court mailed to him, and that in May and June 2023, he twice refused the mailed order granting Defendants' Motion to Stay Merits-Based Discovery. Documents sent to Plaintiff from this Court are not legal mail. Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996), opinion amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998). Therefore, court mailings are not subject the same handling as legal mail would be. Accordingly, any deadlines Plaintiff missed because he improperly refused and returned documents from this Court will not be extended.

37(b)(2)(A) (stating court may issue further just orders if party fails to obey order to provide discovery). The aforementioned facts, coupled with the fact that Plaintiff is indigent, would make an award of $880.00 in sanctions against him unjust. See Fed. R. Civ. P. 37(a)(5)(A)(iii) (stating court must not order payment of expenses if circumstances make award unjust); see also Fed. R. Civ. P. 37(b)(2)(C) (stating same). Therefore, Defendants' request for monetary sanctions will be denied. However, Plaintiff is **cautioned** that he is to comply with all court orders as well as with all federal and local rules. He is further **cautioned** that his failure to do so in the future may result in the ultimate sanction, namely, in a recommendation that this matter be dismissed.

### D. Request to Stay These Proceedings Will Be Denied

Defendants' request that these proceedings be stayed pending resolution of the instant MTC must be denied as moot. On April 26, 2023, Defendants filed a second separate Motion to Stay Merits-Based Discovery. See ECF No. 75. On May 11, 2023, the Court granted the motion. See ECF No. 81. Therefore, the stay request in the instant MTC is moot and will be denied as such.

### VI. CONCLUSION

For the reasons previously stated, Defendants' Motion to Compel Responses to Request for Production of Documents; Request for Monetary Sanctions; Request to Stay Action will be granted in part and denied in part. Defendants' Motion to Compel will be granted. However, Defendants' request for sanctions and request to stay this action will both be denied. Likewise Defendants' request in their Reply that Plaintiff's Opposition be disregarded will also be denied.

Plaintiff will be ordered to serve complete responses to Defendants' MTC and to do so within thirty days. In addition, Defendants will be ordered to inform the Court when it receives discovery responses from Plaintiff so that a due date for Defendants' exhaustion-related motion for summary judgment can be calendared.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' Motion to Compel Responses to Request for Production of Documents; Request for Monetary Sanctions; Request to Stay Action (ECF No. 71) is GRANTED IN PART AND DENIED IN PART as follows:

   a. GRANTED to the extent that it requests that Plaintiff be required to serve complete responses to Defendants' production of documents and interrogatory discovery requests;

   b. DENIED to the extent that it requests that Plaintiff be sanctioned $880.00 for costs Defendants incurred drafting and filing the instant Motion to Compel, and

   c. DENIED as moot to the extent that it requests that this matter be stayed pending the resolution of the instant Motion to Compel.

 2. Defendants' request in its Reply that Plaintiffs Opposition be disregarded as untimely (see ECF No. 83 at 4) is DENIED, and

 3. Plaintiff shall serve Defendants with proper, complete responses to their Request for Production of Documents and Requests for Interrogatories **by November 16, 2023**.

**Plaintiff is cautioned that failure to timely serve Defendants with proper responses to their production of documents and interrogatory requests may result in a recommendation that this matter be dismissed for failure to obey a court order**, and

 4. Upon receipt of Plaintiff's response to Defendants' discovery requests, Defendants shall file a notice with the Court informing it of as much so that the Court can then calendar a due date for Defendants' exhaustion-based motion for summary judgment.

IT IS SO ORDERED.

 Dated: **October 16, 2023**      **/s/ Gary S. Austin**
                  UNITED STATES MAGISTRATE JUDGE