UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>BURNES, et al.,<br><br>    Defendants. | No. 1:19-cv-01409 JLT GSA (PC)<br><br>**FINAL** ORDER DIRECTING PLAINTIFF TO SERVE RESPONSIVE DISCOVERY REQUESTS ON DEFENDANTS<br><br>PLAINTIFF'S DISCOVERY RESPONSES TO BE SERVED ON DEFENDANTS BY **MAY 28, 2024** |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  This matter is at the dispositive motion phase of the proceedings.

Before this Court is Defendants' motion to dismiss this case.  ECF No. 96.  The matter is fully briefed.  See ECF Nos. 99, 100 (Plaintiff's opposition; Defendants' reply, respectively).

For the reasons stated below, the Court will decline to rule on Defendants' motion to dismiss at this time.  Instead, Plaintiff will be given a <u>final</u> thirty days in which to provide Defendants with complete and proper discovery responses.

I.   RELEVANT FACTS

Defendants' motion to dismiss argues that the motion be granted because despite the fact that they served their discovery requests on Plaintiff on January 5, 2023, to date, Plaintiff has not

1   provided proper responses to them. See ECF No. 96 at 3.  Instead, Plaintiff has referred

2   Defendants to his C-File/E-File/SOMS and classification documents, which collectively, is over

3   7,500 pages.  Id. at 3 n.1.  Defendants also point out that Plaintiff's discovery responses were not

4   verified.  Id. at 3.  As a result, Defendants contend, Plaintiff's they were inadequate.  Id.

5   　　　　Defendants further state that an attempt to meet and confer with Plaintiff on February 10,

6   2023, as well as their agreement to give Plaintiff until February 24, 2023, to provide proper

7   discovery responses to them was not responded to by Plaintiff.  ECF No. 96 at 3.  This led to

8   Defendants filing a motion to compel and a request for sanctions.  See ECF No. 71 (Defendants'

9   motion to compel and request for monetary sanctions).

10   　　　　Additionally, the Court notes that in January 2023, Plaintiff began refusing to accept

11   orders that had been sent to him by the Court.  See Docket Entries 1/31/23; 5/24/23; 6/29/23;

12   12/11/23 (Clerk of Court docket entries indicating Plaintiff's refusal to accept Court orders sent to

13   him).  Despite this fact, in 2023, Plaintiff filed three requests for extensions of time (see ECF

14   Nos. 79, 89, 92), two of which related to Plaintiff responding to Defendants' discovery requests

15   (see ECF Nos. 79, 92), and in February 2024, Plaintiff filed a fourth extension of time request to

16   file an opposition to Defendants' motion to dismiss (see ECF No. 97).

17   　　　　In the interim, during the Spring of 2023, Defendants filed requests for extensions of time

18   to respond to Plaintiff's discovery requests and to Plaintiff's objections to Defendants' motion to

19   compel.  See ECF Nos. 70, 76 (Defendants' two requests).  In May 2023, the Court granted both.

20   ECF Nos. 77, 78. (Court's grant of Defendants' motions).  During that period, the Court also

21   granted Defendants' request to stay relevant dates in the discovery and scheduling order so that

22   the Court could resolve Defendants' exhaustion-based discovery issue.  See generally ECF No.

23   75, 81 (Defendants' motion; Court's grant of same).  In February 2024, Defendants filed the

24   currently pending motion to dismiss.  ECF No. 96.

25   　　II.　　DISCUSSION

26   　　　　A. Applicable Law

27   　　　"[C]ourts have inherent power to dismiss an action when a party has willfully . . . engaged

28   in conduct utterly inconsistent with the orderly administration of justice."  Anheuser-Busch, Inc.

v. Natural Beverage Distributors, 69 F.3d 337, 348 (9th Cir. 1995) (brackets added) (citation omitted); Leon v. IDX Sys. Corp., 464 F.3d 951, 958 (9th Cir. 2006) (internal quotation marks and citations omitted) (quoting Anheuser-Busch).  The "flagrant, bad faith disregard of discovery duties" also permits the extreme sanction of dismissal.  See Porter v. Martinez, 941 F.2d 732, 733 (9th Cir. 1991) (per curiam) (quoting Wanderer v. Johnston, 910 F.2d 652, 655-56 (9th Cir. 1990) (citation omitted)).  The repeated failure to cooperate in discovery or to prosecute permits the dismissal of an action as well.  See Fed. R. Civ. P. 37(b)(2)(A)(v); see Fed. R. Civ. P. 41(b); see also Malone v. United States Postal Service, 833 F.2d 128, 132-33 (9th Cir. 1987) (failure to cooperate in discovery); see also Link v. Wabash, 370 U.S. 626, 629 (1962) (failure to prosecute). At the same time, however, "[t]he goal is to get cases decided on the merits of issues that are truly meritorious and in dispute."  In re Phenylpropanolamine Products Liability Litigation, 460 F.3d 1217, 1227 (9th Cir. 2006) (brackets added).

### B. Analysis

On its face, given the fact that for over a year now Plaintiff has failed to serve proper discovery responses on Defendants, despite being ordered *multiple times* to do so (see ECF Nos. 68, 91, 93) (discovery and scheduling order; two orders extending date for Plaintiff to file discovery responses, respectively), and given the fact that *multiple times* during the past year, Plaintiff has *intentionally refused* to accept orders that have been mailed to him by the Court (see Docket Entries 1/31/23; 5/24/23; 6/29/23; 12/11/23), the Court finds that there is ample support at this stage of the proceedings to consider Defendants' motion to dismiss at this time and to issue a dispositive ruling on it.

The Court also finds that Plaintiff has had *more than ample time* to review and respond to Defendants' discovery requests.  This is true despite any health issues, and/or law library access and property access issues[1] that Plaintiff has alleged have prevented him from serving discovery

---

[1] See, e.g., ECF No. 74 (Plaintiff's April 2023 assertion that he was not in possession of his legal documents in his opposition to Defendants' motion to compel); ECF No. 82 (Plaintiff's May 2023 assertion that the Office of the Attorney General and the California Department of Corrections and Rehabilitation intentionally separated him from his property in his unsolicited supplement to his opposition to Defendants' motion to compel); ECF No. 84 (Plaintiff's May 2023 wholly incorrect assertion that the prison's opening of his mail from the Court was improper

responses on Defendants to date.

Because Defendants' motion to dismiss is based on what is, effectively, Plaintiff's failure to prosecute this case and not on the substantive issues in Plaintiff's complaint, out of an abundance of caution the Court will give Plaintiff one **final** opportunity to produce proper responses to Defendants' requests for discovery.  Given that the parties were ordered to complete discovery by July 2023 (ECF No. 68 at 4) (discovery and scheduling order), and Plaintiff has *intentionally* and *repeatedly* delayed these proceedings by refusing to accept orders mailed to him by the Court, absent *exceptional* exigent circumstances, any further requests by Plaintiff for extensions of time to do so *will be denied*.  Should Plaintiff fail to timely and fully comply with this order, the Court will proceed to consider Defendants' motion to dismiss, and it will likely recommend that the motion be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. The Court DECLINES to rule on Defendants' motion to dismiss (ECF No. 96) at this time;

2. For a **final** time, Plaintiff is ordered to SERVE proper discovery responses on Defendants, and

3. Plaintiff shall serve said responses on Defendants no later than **May 28, 2024**. **Plaintiff's failure to comply with this order by this date will likely result in a recommendation that Defendants' outstanding motion to dismiss be granted.**

**Plaintiff is informed that absent exceptional exigent circumstances, excuses regarding his failure to serve the discovery responses within the time allotted will not be considered, and requests for extensions of time to comply with the Court's order will not be granted.**

IT IS SO ORDERED.

Dated: __April 29, 2024__                       /s/ Gary S. Austin
                                                                UNITED STATES MAGISTRATE JUDGE

---

and therefore, required him to return it to the Court unreviewed).