UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN L. HARRIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BURNES, et al.,<br><br>　　　　Defendant. | Case No.: 1:19-cv-1409 JLT GSA (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, DISMISSING THE ACTION WITH PREJUDICE, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Doc. 96) |

　　　　Darren Harris seeks to hold the defendants liable for excessive force in violation of his civil pursuant to 42 U.S.C. § 1983. (*See* Doc. 32; Doc. 52.) Defendants request terminating sanctions pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure, asserting Plaintiff did not provide proper responses to their discovery requests, despite the Court ordering him to do so. (Doc. 96.) For the reasons set forth below, the motion is **GRANTED,** and the action is **DISMISSED** with prejudice.

**I.　　Background**

　　　　Plaintiff initiated this action by filing a complaint on July 22, 2019 (Doc. 1), which he amended on January 11, 2021 (Doc. 32). The Court screened Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A(a) and found he stated cognizable claims against J. Flores, J. Alejo, and Sgt. Burnes for excessive force in violation of the Eighth Amendment. (Docs. 35, 52.) The Court dismissed all other claims and defendants from the action. (Doc. 52.) Plaintiff appealed to the Ninth Circuit, which dismissed his appeal on August 18, 2022. (Docs. 55, 60.)

The Court issued its "Discovery and Scheduling Order" on January 3, 2023. (Doc. 68.) The Court informed the parties: "Responses to written discovery requests shall be due 30 calendar days after the request is served." (*Id.* at 2, emphasis omitted.) Defendants were ordered to file any motions regarding failure to exhaust administrative remedies no later than May 3, 2023. (*Id.* at 3.) The Court also ordered the parties to complete all discovery, including the filing of any related motions to compel, no later than July 3, 2023. (*Id.* at 4.) The Court advised the parties: "The parties are required to act in good faith during the course of discovery and are reminded that failure to do so many result in the imposition of sanctions." (*Id.*, emphasis omitted.)

Two days after the Court issued its Scheduling Order, Defendants "served Plaintiff with exhaustion-based Requests for Production of Documents and Interrogatories." (Doc. 71-1 at 1, Sloan Decl. ¶ 1.) On February 9, 2023, Plaintiff filed declaration that purported to respond to Defendants' requests, but he simply directed to Defendants to his "C-File/E-File/(SOMS) Strategic Offender's Management System" and classification documents. (Doc. 69 at 1.) Defendants attempted to meet and confer with Plaintiff regarding the deficiencies of his response, and granted Plaintiff an extension to February 24, 2023 to provide proper responses. (Doc. 71-1 at 2, ¶ 3.) However, Plaintiff did not provide any additional response, and Defendants moved to compel Plaintiff's responses to the discovery requests—noting the files to which Plaintiff directed their attention included 7,500 pages, and more than 40 inmate grievances in the relevant period—and requested the imposition of monetary sanctions. (Doc. 71.)

While the motion to compel was pending, Defendants filed a motion to stay the merits-based discovery. (Doc. 78.) The Court granted the motion to stay and vacated deadlines in the scheduling order on May 11, 2023. (Doc. 81.) The U.S. Postal Service returned the order granting the motion to stay with the notation "RTS- Inmate Refused" on May 24, 2023. After the Court re-served the order, it was again returned with the notation "Inmate Refused" on June 29, 2023.

On October 17, 2023, the Court granted Defendants' motion to compel in part. (Doc. 91.) The Court noted Defendants expressed an intent to seek summary judgment for failure to exhaust administrative remedies, and "Defendants' document and interrogatory requests are relevant to their defense that Plaintiff may not have exhausted his administrative remedies prior to filing suit in this

court." (*Id.* at 10-11.) As a result, the Court ordered Plaintiff to respond to the discovery requests but denied the request for monetary sanctions. (*Id.* at 11-14.) The Court ordered Plaintiff to "serve Defendants with proper, complete responses to their Request for Production of Documents and Responses for Interrogatories by November 16, 2023." (*Id.* at 14, emphasis omitted.) The Court advised Plaintiff that failure to comply with the order may result in dismissal. (*Id.*)

Plaintiff moved for an extension of time to serve his discovery requests, and the Court granted the motion, extending the deadline to January 16, 2024. (Docs. 92, 93.) Plaintiff refused to accept the Court's mail, and the U.S. Postal Service returned the order as undeliverable on December 11, 2023.

On February 1, 2021, Defendants filed the motion now pending before the Court, seeking terminating sanctions "on the grounds that Plaintiff has not provided proper responses to Defendants' discovery requests served on January 5, 2023, despite an order from this Court compelling him to do so." (Doc. 96 at 1.) Plaintiff moved for an extension of time to file his opposition to the motion, and the Court directed Plaintiff to file any response no later than March 25, 2024. (Doc. 97; Doc. 98 at 1.) Plaintiff filed his opposition to the motion on March 25, 2024 (Doc. 99), to which Defendants filed a reply on April 8, 2024 (Doc. 100).

On April 30, 2024, the Court issued a "Final Order Directing Plaintiff to Serve Responsive Discovery Requests on Defendants." (Doc. 101 at 1.) At that time, the Court declined to rule on the pending motion to dismiss, and instead granted Plaintiff "a final thirty days in which to provide Defendants with complete and proper discovery responses." (*Id.*) The Court observed: "Given that the parties were ordered to complete discovery by July 2023 … and Plaintiff has *intentionally* and *repeatedly* delayed these proceedings by refusing to accept orders mailed to him by the Court, absent exceptional exigent circumstances, any further requests by Plaintiff for extensions of time to do so *will be denied*." (*Id.* at 4, emphasis in original.) The Court ordered Plaintiff to serve the discovery responses no later than May 28, 2024. (*Id.*) The Court warned Plaintiff that failure to comply with the order would likely result in dismissal. (*Id.*)

Despite the Court's warnings, Plaintiff filed two requests for extensions of time that the Court denied. (Docs. 102-105.) To date, Plaintiff has not served the discovery responses. (*See* Doc. 106.)
///

3

## II. Terminating Sanctions

Pursuant to the Federal Rules of Civil Procedure, the Court is authorized to impose sanctions, including dismissing the action, when a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A); *O'Connell v. Fernandez-Pol*, 542 Fed. App'x 546, 547-48 (9th Cir. 2013). As the Ninth Circuit explained Rule 37 "authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983). The Ninth Circuit observed that "dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

## III. Discussion and Analysis

To impose the sanction of dismissal under Rule 37, the Court must first find the party's noncompliance was due to willfulness, bad faith, or fault. *Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995); *Sanchez v. Rodriguez*, 298 F.R.D. 460, 463 (C.D. Cal. 2014). In addition, the Ninth Circuit instructs Courts to consider the following factors prior to imposing terminating sanctions: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan,* 779 F.2d 1421, 1423-24 (9th Cir. 1986); *see also Ferdik*, 963 F.2d at 1260-61.

### A. Willfulness

Plaintiff's conduct in this action is willful, as demonstrated by his repeated refusal to accept orders from the Court. Plaintiff was ordered to comply with his discovery obligations and warned that noncompliance with discovery orders may result in dismissal. The failure to serve proper discovery responses for this extended period demonstrates a conscious decision to not comply with the Court's discovery order. *See Hyde & Drath v. Baker,* 24 F.3d 1162, 1167 (9th Cir. 1994) ("Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault").

### B. Public interest

The public's interest in expeditiously resolving this litigation weighs in favor of dismissal. *See*

4

*Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing district courts have inherent interest in managing their dockets without being subject to noncompliant litigants).

### C. Management of the Court's docket

The Eastern District of California is one of the busiest federal jurisdictions in the United States, and its District Judges carry the heaviest caseloads in the nation. As a result, the Court's interest in managing its docket weighs in favor of sanctions. *See Gonzales v. Mills*, 2011 WL 976713, at *5 (E.D. Cal. Mar. 16, 2011) (finding the Court's need to manage its docket favored terminating sanctions because this Court "has a significantly impacted docket [that is overly congested" and cases that are stalled by the litigant conduct "aggravate the situation"). This Court cannot, and will not hold, this case in abeyance while Plaintiff engages in dilatory and evasive tactics—including the refusal of mail from the Court—and refuses to engaged in discovery related to his claims. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (a plaintiff has the burden "to move toward… disposition at a reasonable pace, and to refrain from dilatory and evasive tactics"). Accordingly, this factor weighs in favor of dismissal of the action.

### D. Prejudice to Defendants

To determine whether the defendants suffer prejudice, the Court must "examine whether the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. U.S. Postal Service,* 833 F.2d 128, 131 (9th Cir. 1987) (citation omitted)). Significantly, a presumption of prejudice arises when a plaintiff unreasonably delays the prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The Ninth Circuit observed, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liability Litigation,* 460 F.3d 1217, 1228 (9th Cir. 2006). Defendants undoubtedly suffered prejudice from Plaintiff's refusal to respond to the discovery requests, as they were unable to ascertain the viability of their affirmative defense or continue to merits discovery. *See Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990) (prejudice was "palpable" where a party repeatedly failed to comply with court orders to produce discovery). Thus, this factor weighs in favor of terminating sanctions.

### E. Consideration of less drastic sanctions

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986).  Notably, the Ninth Circuit observed that extending time for a pro se plaintiff to comply with the Federal Rules of Civil Procedure "constitute[s] an attempt at a less drastic sanction to that of outright dismissal." *Ferdik*, 963 F.2d at 1262.  In addition, a court's warning to a party that the failure to obey could result in dismissal satisfies the "consideration of alternatives" requirement.  *See Malone*, 833 F.2d at 133; *Ferdik*, 963 F.2d at 1262.  As the Ninth Circuit explained, "a plaintiff can hardly be surprised" by a sanction of dismissal "in response to willful violation of a pretrial order." *Malone*, 833 F.2d at 133.

The Court repeatedly warned Plaintiff that terminating sanctions may be imposed for his failure to comply with the Court's discovery order.  (*See, e.g.*, Doc. 91 at 14; Doc. 93 at 2; Doc. 101 at 4.)  Importantly, the Court need only warn a party once that the matter could be dismissed for failure to comply to satisfy the requirements of Rule 41.  *Ferdik*, 963 F.2d at 1262; *see also Titus v. Mercedes Benz of North America*, 695 F.2d 746, 749 n.6 (3rd Cir. 1982) (identifying a "warning" as an alternative sanction).  Accordingly, the warning satisfied the requirement that the Court consider lesser sanctions, and this factor weighs in favor of dismissal of the action.  *See Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424; *Titus*, 695 F.2d at 749 n.6.

### F. Public policy

Given Plaintiff's failures—including to prosecute the action and comply with the Court's orders to produce discovery responses— the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.  *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits… weighs against dismissal, it is not sufficient to outweigh the other four factors").

### IV. Conclusion and Order

For the reasons set forth above, the Court finds terminating sanctions are appropriate for Plaintiff's failure to comply with the Court's discovery order.  Accordingly, the Court **ORDERS**:

1. Defendants' motion to dismiss (Doc. 96) is **GRANTED**.

2. This action is **DISMISSED** with prejudice.

3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**September 29, 2024**__                    ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
                                                                                   UNITED STATES DISTRICT JUDGE