UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN HARRIS,<br><br>         Plaintiff,<br><br>   v.<br><br>BURNES, et al.,<br><br>         Defendants. | No. 1:19-cv-01409 JLT GSA (PC)<br><br>CERTIFICATION THAT PLAINTIFF'S APPEAL IS NOT BEING TAKEN IN GOOD FAITH (Docs. 109, 110)<br><br>NOTICE OF REVOCATION OF PLAINTIFF'S IN FORMA PAUPERIS STATUS (Docs. 22, 112)<br><br>CLERK OF COURT TO NOTIFY PARTIES AND NINTH CIRCUIT OF THIS DECISION<br><br>Fed. R. App. P. 24(a)(4)(B) |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action seeking relief under 42 U.S.C. § 1983. This matter is on appeal to the Ninth Circuit due to the Court's grant of Defendants' motion to dismiss the matter with prejudice. (*See* Docs. 96 (Defendants' motion); 107, 108 (order and judgment); 109, 110 (Plaintiff's notice and appeal).)

On October 21, 2024, the Ninth Circuit referred the matter to this Court for the limited purpose of determining whether in forma pauperis status granted to Plaintiff should continue on appeal, or whether the appeal is frivolous or taken in bad faith. (Doc. 112.)

For the reasons stated below, the Court will certify that Plaintiff's appeal is not being taken in good faith. Consistent with this determination, the Court will revoke Plaintiff's in forma pauperis status on appeal.

1

I. <u>RELEVANT FACTS</u>

This matter has been on the Court's docket since July of 2019. (*See* Doc. 1 (original complaint).) Prior to the dismissal that Plaintiff appeals, the matter was at the discovery phase, and it had been since January of 2023. (*See* Doc. 68 (discovery and scheduling order).)

On February 1, 2024, after Plaintiff had repeatedly failed to produce appropriate discovery and had also repeatedly failed to comply with orders from this Court, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 37. (Doc. 96.) On September 30, 2024, the Court granted Defendants' motion. (Docs. 107, 108.) Plaintiff has appealed the decision (Docs. 109, 110), and currently at issue is whether he should be permitted to continue with his in forma pauperis status on appeal (Doc. 112).

II. <u>DISCUSSION</u>

    A. <u>Applicable Law</u>

Federal Rule of Appellate Procedure 24(a)(3)(A) states that in forma pauperis status shall <u>not</u> be granted on appeal if the appeal is not taken in good faith. Fed. R. App. P. 24(a)(3)(A); *see also* 28 U.S.C. § 1915(a)(3). The good faith requirement is satisfied if a litigant seeks review of an issue that is not frivolous; an appeal is frivolous when it lacks any arguable basis in fact or law. *O'Neal v. Price*, 531 F.3d 1146, 1149 (9th Cir. 2008); *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1997); *see Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) (defining term "frivolous" and quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

    B. <u>Analysis</u>

In its dispositive order, the Court found that the matter should be dismissed pursuant to Rule 37 because: (1) Plaintiff's refusal to receive court orders and respond to discovery requests was willful, and (2) terminating sanctions were warranted after considering the factors in *Henderson v. Duncan*, 779 F.2d 1421, 1423-24 (9th Cir. 1986), and *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). The issue Plaintiff wishes to appeal is <u>not</u> related to the underlying viability of any of his claims, but rather whether the issuance of terminating sanctions consistent with Defendants' motion to dismiss and the Court's findings was proper.

It has been Plaintiff's own actions and/or refusals to act for over a year and a half that led

to the grant of Defendants' motion to dismiss. (*See, e.g.*, Docket Entries dated 1/31/23; 5/24/23; 6/29/23; 12/11/23; 5/17/24 (entries indicating Plaintiff's refusal to accept this Court's mailings for almost a year and a half).[1]) For Plaintiff now to challenge the dismissal – again, one that has occurred due to his own acts and/or inaction – is not an appeal that is being taken in good faith. In sum, Plaintiff's appeal lacks any arguable basis in fact or law. Therefore, the Court will certify that it is not being taken in good faith, and it will elect to revoke Plaintiff's in forma pauperis status on appeal. Thus, the Court **ORDERS**:

    1. The Court **CERTIFIES** that Plaintiff's appeal (Doc. 110) is not taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A).

    2. Plaintiff's in forma pauperis status (Doc. 22) is hereby **REVOKED** on appeal.

    3. The Clerk of Court is directed immediately to **NOTIFY** the parties and the Ninth Circuit of this decision. *See* Fed. R. App. P. 24(a)(4)(B).

IT IS SO ORDERED.

Dated:   **October 30, 2024**

UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that even after Defendants filed their motion to dismiss pursuant to Rule 37, Plaintiff <u>still</u> refused to accept mail from this Court. (*See* Docket Entry dated 5/17/24.) Then, a few days later, Plaintiff proceeded to file a motion for an extension of time "on any pending action(s)." (*See* Doc. 104.)